**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher E. Ellington,<br><br>              Plaintiff,<br><br>v.<br><br>Tom Horne, Attorney General for the State of Arizona, et al.,<br><br>              Defendants. | No. CV-13-00271-PHX-DGC<br><br>**ORDER** |

Christopher M. Ellington is a pro se Plaintiff proceeding *in forma papueris* ("IFP") in this action against the Attorney General and three judges of the State of Arizona. He filed his complaint (Doc. 1) and a motion for a preliminary injunction (Doc. 4) on February 7, 2013. He alleges that the actions of the state court judges have violated his rights under the federal and state constitutions and other state and federal laws.

In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2). While much of § 1915 concerns prisoner litigation, § 1915(e) applies to all IFP proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000) (en banc). "Section 1915(e) (2)(B)(ii) ... allows a district court to dismiss[ ] sua sponte ... a complaint that fails to state a claim[.]" *Id*. at 1130. "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint

that fails to state a claim." *Id*. at 1127.  A district court dismissing under § 1915(e)(2)(B)(ii) "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id*. at 1127–29 (citations omitted).

All of Plaintiff's allegations arise from what appear to be ongoing proceedings before the Pinal County Superior Court.  He variously complains that he was not granted a hearing within "5 calendar court days" as he alleges is mandated by Arizona law, that JP Morgan Chase Bank, N.A., the real party in interest, made no effort to attend a hearing and had discussions with the judge off the record, and that several of the rulings of the superior court judges have been wrong.  Doc. 1 at 4-8.  He claims these actions violate his constitutional due process rights and amount to violations of various state and federal statutes. He moves for injunctive relief against the judges.  *Id*.

The Rooker-Feldman doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004)(citing *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).  The doctrine is based on 28 U.S.C. § 1257, which grants jurisdiction to review a state court judgment in the United States Supreme Court.  The negative inference of that statute is that lower federal courts are prohibited from exercising jurisdiction over appeals from state court judgments.  The IFP complaint at issue in this case is not clearly styled as an appeal from a state court judgment, but all of the allegedly wrongful conduct arises from decisions and actions of the superior court judges.  Accordingly, the Court will construe the complaint as a de facto appeal from a state court judgment and dismiss the complaint for lack of jurisdiction.  Because the jurisdictional defect cannot be cured by additional amendment, the dismissal is with prejudice.

1 **IT IS ORDERED** that the complaint (Doc. 1) is dismissed with prejudice. The
2 Clerk is directed to terminate this matter.
3       Dated this 22nd day of February, 2013.

_____
David G. Campbell
United States District Judge